United States District Court
Southern District of Texas
ENTERED
SEP 21 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
SEP 21 1998
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OSIEL VALDEZ ORTIZ | * |
| | * |
| VS. | * CIVIL ACTION |
| | * NO. B-96-235 |
| GARY L. JOHNSON, DIRECTOR, | * |
| TEXAS DEPARTMENT OF CRIMINAL | * |
| JUSTICE, INSTITUTIONAL DIVISION | * |

## MEMORANDUM ORDER OF DISMISSAL

Before this Court is Respondent's Motion for Summary Judgment and Petitioner's opposition to same. This Court has read the parties' pleadings and considered the issues raised in light of the record and the applicable law and is of the opinion that Respondent's Motion for Summary Judgment should be granted. In support of the aforementioned opinion, this Court files the following findings of fact and conclusions of law.

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

2. Ortiz was charged with aggravated robbery, committed February 4, 1989. Pursuant to a plea bargain agreement he pled guilty to the lesser included offense of robbery on July 28, 1989. However, on September 1, 1989, the Court rejected the terms of the plea bargain agreement and Ortiz withdrew his guilty plea to the robbery charge and entered a plea of not guilty to aggravated robbery. On September 25, 1989, Ortiz pled *nolo contendere* to the aggravated robbery charge and the Court assessed punishment at 50 years confinement in the Texas Department of Corrections.

3. In the present proceedings Ortiz alleged that he was subject to double jeopardy when he withdrew his guilty plea to robbery and pled *nolo contendere* to aggravated robbery. We disagree.

4. A State prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim--

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States.
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1996). This is the standard for federal habeas review of State Court criminal convictions. *Drinkard v. Johnson*, 97 F.3d. 751, 754 (5th Cir.1996).

5. The Court of Criminal Appeals adjudicated this claim on the merits. Therefore under amended Section 2254(d)(1), this Court cannot grant habeas corpus relief. unless it determines that the State Court's determination involved an unreasonable application of the law to the facts. *Moore v. Johnson*, 101 F.3d 1069, 1076 (5th Cir. 1996).

6. The Court of Criminal Appeals found that: "the trial judge accepted the plea conditionally while he deferred a final decision until the pre-sentence investigation was complete. He did not adjudicate guilt or accepted the plea agreement." *Ortiz v. State*, 933 S.W.2d at 104. The Court of Criminal Appeals based this

2

determination on a review of the record and on its interpretation of state law regarding plea bargain agreements. This Court must accord the state court's finding a presumption of correctness. 28 U.S.C. § 2254(e)(1) (1996).

Accordingly, it is Ordered that Respondent's Motion for Summary Judgment be and is hereby GRANTED and Petitioner's Motion for Writ of Habeas Corpus be and is hereby DENIED and this cause of action is DISMISSED with prejudice.

_____
Hilda G. Tagle
United States District Judge

3