1mv

*United States District Court*
*Southern District of Texas*
*ENTERED*

**FEB 0 3 1999**

Michael N. Milby, Clerk of Court
By Deputy Clerk

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OSIEL VALDEZ ORTIZ               *

    VS                              *   C.A. NO. B96 235

GARY L. JOHNSON, Director         *
Texas Department of Criminal
Justice, Institutional Division

---

OSIEL VALDEZ ORTIZ, Pro Se

Texas Attorney General (Delane T. Hendrix, Assistant Attorney General), Attorney for Respondent

---

## MEMORANDUM ORDER

---

Before this Court is Petitioner's, OSIEL VALDEZ ORTIZ, Motion for Certificate of Appealability, filed on October 19, 1998. Petitioner's only contention is that his conviction was obtained in violation of the double jeopardy clause of the Fifth Amendment to the U.S. Constitution.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, converted the "certificate of probable cause" that was required as a prerequisite

to an appeal from the denial of a petition for federal habeas corpus relief into a "certificate of appealability." <u>Reyes v. Keane</u>, 90 F.3d 676, 680 (2nd Cir. 1996). A certificate of appealability will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. <u>Id.</u> at 893. See <u>Adanandus v. Johnson</u>, 947 F.Supp. 1098 (W.D. Tex. 1996).

This Court had previously considered and rejected Petitioner's argument. (See Memorandum Order of Dismissal, pleading no. 6, filed September 21, 1998.)

However, Petitioner's argument is not facially frivolous but rather arguably debatable among jurists of reason to the extent that another court could have resolved this issue in a manner different from this court.

3

Therefore, Petitioner's Motions Requesting for Certificate of Appealability and Leave to Proceed in Forma Pauperis are hereby **GRANTED**.

DONE at Brownsville, Texas, this _____ day of February, 1999.

_____
Hilda G. Tagle
United States District Judge